UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**ANDREW GISSENDANER**, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

**CREDIT CORP SOLUTIONS INC., d/b/a TASMAN CREDIT**,

        Defendant.
_____

**CLASS ACTION COMPLAINT**

Civ. No.:

Trial by Jury is Demanded

Plaintiff, ANDREW GISSENDANNER (hereinafter referred to as "PLAINTIFF"), by and through undersigned counsel, individually and on behalf of all others similarly situated, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, and brings this Complaint against Defendant, CREDIT CORP SOLUTIONS, INC. d/b/a TASMAN CREDIT (hereinafter referred to as "DEFENDANT") and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1. PLAINTIFF brings this action for damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*. DEFENDANT collects interest at rates in excess of the rate set by New York's criminal prohibition on usury.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the Western District of New York.

1

## PARTIES

4. PLAINTIFF is a natural person residing in Rochester, New York.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5).

7. DEFENDANT is a corporation formed under the laws of Delaware, with its principal business purpose as debt collection, and its headquarters located at 180 Election Road, Suite 200, Draper, Utah, 84020.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. On or about January 30, 2018, DEFENDANT mailed a form letter to PLAINTIFF in connection with the collection of an alleged debt, a true and correct copy of which is attached as **Exhibit 1**.

11. DEFENDANT was attempting to collect on an alleged debt relating to a credit card issued by Synchrony Bank.  *Id.*

12. According to its letter, DEFENDANT purchased the debt from Synchrony on or about December 20, 2017.  *Id.*

13. Upon information and belief, DEFENDANT attempted to collect interest at a rate which exceeds New York's maximum rate under its criminal usury statute.

14. Upon information and belief, DEFENDANT obtained this account after it was in default.

## CLASS ACTION ALLEGATIONS

15. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 14 inclusive, above.

16. PLAINTIFF brings this claim individually and on behalf of all others similarly situated for the purpose of asserting the claim alleged in this Complaint on a common basis. PLAINTIFF's proposed class is defined under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3), and PLAINTIFF proposes to act as representative of the following class:

    a. A class consisting of natural persons who:

        i. Reside in New York; and

        ii. Within one year prior to the filing of this action;

        iii. Received a letter from DEFENDANT in substantially the same form as Exhibit 1;

        iv. Where DEFENDANT was collecting on a credit card debt originated by Synchrony Bank;

        v. Where the interest rate on the account exceeded the maximum rate as set by New York's criminal usury statute (i.e. 25%).

17. PLAINTIFF does not know the exact size or identities of the class, as DEFENDANT maintains exclusive control of such information. PLAINTIFF believes that the class includes between 10,000 and 50,000 individuals whose identities can be readily determined from DEFENDANT's business records. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

18. All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

   a. Whether DEFENDANT violated 15 U.S.C. § 1692e by falsely and misleadingly representing that it was entitled to collect such interest;

   b. Whether DEFENDANT violated 15 U.S.C. § 1692e(2)(A) by misrepresenting that such interest was part of the character, amount, or legal status of the debt;

   c. Whether DEFENDANT violated 15 U.S.C. § 1692e(5) by threatening to collect interest which could not legally be collected;

   d. Whether DEFENDANT violated 15 U.S.C. § 1692f(1) by collecting amounts not permitted by New York law;

   e. The identities of individuals who received a substantially similar collection letter from DEFENDANT; and

   f. The total number of collection letters that DEFENDANT mailed to consumers.

19. PLAINTIFF's claims are typical of the claims of the class and do not conflict with the interests of any other class members. PLAINTIFF and the members of the class were uniformly subjected to the same conduct.

20. Upon information and belief, DEFENDANT has a practice and policy of collecting interest from New York consumers in excess of the maximum rate set by New York's criminal usury statute.

21. PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation. PLAINTIFF's counsel's firm, DOUGLAS FIRM, P.C., focuses on prosecuting FDCPA lawsuits. PLAINTIFF's counsel,

Alexander J. Douglas, also has experience in advising debt collectors on defending FDCPA claims.

22. PLAINTIFF is committed to vigorously pursuing his claims.

23. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k. The members of the class are generally unsophisticated consumers whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

24. A class action regarding the issues in this case does not create any problems of manageability.

25. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA
### 15 U.S.C. §§ 1692e, e(2)(A), e(5), 1692f(1)
### BROUGHT BY PLAINTIFF INDIVIDUALLY
### AND ON BEHALF OF THE CLASS

26. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 25 inclusive, above.

27. A debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

28. A debt collector may not misrepresent the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

29. A debt collector may not threaten to take any action that cannot legally be taken.

15 U.S.C. § 1692e(5).

30. A debt collector may not collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

31. On or about January 30, 2018, DEFENDANT mailed a form letter to PLAINTIFF in connection with the collection of an alleged debt. Ex. 1.

32. DEFENDANT was attempting to collect on an alleged debt relating to a credit card issued by Synchrony Bank. *Id.*

33. According to its letter, DEFENDANT purchased the debt from Synchrony on or about December 20, 2017. *Id.*

34. Upon information and belief, DEFENDANT attempted to collect interest at a rate which exceeds New York's maximum rate under its criminal usury statute.

35. By misrepresenting that it was entitled to collect interest in excess of the maximum rate under New York's criminal usury statute, DEFENDANT violated 15 U.S.C. § 1692e.

36. By misrepresenting that such unlawful interest was part of the debt, DEFENDANT misrepresented the character, legal status, or amount of the debt in violation of 15 U.S.C. § 1692e(2)(A).

37. By threatening to collect interest which could not legally be collected, DEFENDANT threatened to take an action it could not legally take and violated 15 U.S.C. § 1692e(5).

38. By collecting an amount which was not permitted by New York law, DEFENDANT violated 15 U.S.C. § 1692f(1).

39. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

40. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

41. PLAINTIFF has suffered the concrete injury of being deprived of his right to not receive communications from debt collectors that contain material misrepresentations, and he therefore has standing for the purposes of Article III.

## DEMAND FOR JURY TRIAL

42. Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF's favor, and that judgment be entered against DEFENDANT for the following:

(1) For actual damages awarded to PLAINTIFF;

(2) For statutory damages awarded to PLAINTIFF, not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3) For certification of the class;

(4) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of DEFENDANT;

(5) For actual damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(1);

(6) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(7)     For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(8)     For any and all other relief this Court may deem appropriate.

Dated: Rochester, New York.
       April 23, 2018

                                      Respectfully Submitted,

**DOUGLAS FIRM, P.C.**

/s/ Alexander J. Douglas

ALEXANDER J. DOUGLAS
New York Bar No. 5343892
36 West Main Street, Ste 500
Rochester, NY  14614
Tel: (585) 568-2224
Fax: (585) 546-6185
alex@lawroc.com